## Frank Long et al. v. The People of the State of Illinois.

1. CRIMINAL LAW—*Indictment Insufficient to Convict Under Section 45 of the Criminal Code.*—An indictment charging defendant with conspiracy "to verbally threaten William Whited to accuse him of having committed," etc., can not be predicated on section 45 of the criminal code.

2. SAME—*Indictment Insufficient to Sustain Conviction by Sec. 46 of the Criminal Code.*—An indictment which fails to allege that defendant conspired "wrongfully and wickedly," and a sentence to pay a fine and to imprisonment in the county jail, can not be sustained by section 46 of the criminal code.

3. SAME—*Section 93 of the Criminal Code Not Applicable to Conspiracy.*—An indictment for conspiracy can not be sustained by section 93 of the criminal code.

4. SAME—*Prosecutions to be Conducted in Accordance with the Statutes.*—Prosecutions can only be conducted under and in accordance with the statutes.

5. CONSPIRACY—*Indictable at Common Law.*—A conspiracy to do an unlawful act by any means, or to do any act by unlawful means, is indictable at common law.

6. STATUTES—*Penal Statutes to be Strictly Construed.*—Statutes of a penal nature are to be strictly construed.

Indictment, for conspiracy. Error to the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge presiding. Heard in this court at the May term, 1903. Reversed. Opinion filed August 28, 1903.

VAN SELLAR & SHEPHERD, attorneys for plaintiff in error Robert Morris.

Where the statute makes an act an offense if done in some way indicating intent, it must be charged with having been so done. 10 Ency. Pl. and Prac. 491–2; McCutcheon v. People, 69 Ill. 601.

J. E. DYAS, attorney for plaintiff in error James Glass.

GEORGE A. VAN DYKE, attorney for plaintiff in error Frank Long.

A statutory indictment must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself. That it shall so appear, the pleader must either charge the offense in the language of the act,

or specifically set forth the facts constituting the same. Johnson v. The People, 113 Ill. 102.

Where the intent is mentioned as an element of the offense created by statute, it ought to be alleged in the indictment. McCutcheon v. The People, 69 Ill. 605; Meadowcroft v. The People, 163 Ill. 72.

JOHN W. MURPHY, State's Attorney, for defendants in error; E. RHINEHART and CHARLES C. LEE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiffs in error were found guilty in the court below, of conspiracy. Motions for new trial and in arrest of judgment were overruled and sentence was imposed upon each of them as follows: Frank Long to pay a fine of $500, and to be imprisoned in the county jail for sixty days, and Robert Morris and James Glass each to pay a fine of $100 and to be imprisoned in the county jail sixty days. To reverse that judgment this writ of error is prosecuted.

The indictment contains one count and charges that the plaintiffs in error " did willfully, unlawfully and maliciously among themselves conspire, combine, confederate and agree together to verbally threaten the said William Whited to accuse him of having committed then lately before, the abominable and detestable crime against nature, with a certain beast, to wit, with a calf, by then and there having carnal knowledge of the body of said calf, with a view and intent thereby then and there to extort and gain money from the said Whited; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said people of the State of Illinois." There was a motion to quash the indictment, which motion was overruled and this ruling is assigned for error.

It is insisted that this indictment does not charge a statutory offense, although it concludes "contrary to the form of the statute."

Section 45 of the criminal code provides:

"If any two or more persons shall conspire or agree falsely and maliciously to charge or indict, or cause or

procure to be charged or indicted, any person for any criminal offense, each of the persons so offending shall be fined not exceeding $1,000, and confined in the county jail not exceeding one year."

It is manifest that the indictment as framed, charging plaintiffs in error with conspiracy " to verbally threaten William Whited to accuse him of having committed," etc., can not be predicated on the section quoted. The gist of that section is, that two or more persons shall conspire falsely and maliciously to charge or indict, or cause or procure to be charged or indicted, any person for any criminal offense. This section was, however, relied upon by the prosecutor as warranting the conviction of plaintiffs in error under the indictment, and the court gave to the jury an instruction quoting this section as the law of the case.

Section 46 of the criminal code provides :

" If any two or more persons conspire or agree together, with the fraudulent or malicious intent wrongfully and wickedly to injure the person, character, business or employment, or property of another, or to obtain money or other property by false pretenses   *   *   *   they shall be deemed guilty of a conspiracy; and every such person *   *   *   and every person convicted of conspiracy at common law, shall be imprisoned in the penitentiary not exceeding five years, or fined not exceeding $2,000, or both."

The indictment can not be sustained under this section, because it fails to allege that plaintiffs in error conspired " wrongfully and wickedly," and further, the sentence imposed upon them by the court is not authorized by this section. They were sentenced to pay a fine and to imprisonment in the county jail, while this section provides as a penalty, imprisonment in the penitentiary or payment of a fine, or both.

Section 93 of the criminal code provides :

" Whoever, either verbally, or by written, or printed communication, maliciously threatens to accuse another of a crime, or misdemeanor, or to expose or publish any of his infirmities or failings, with intent to extort money, goods, chattels, or any valuable thing, or threaten to accuse

another of a crime, or misdemeanor, or expose or publish any of his infirmities, or failings, though no money, goods or chattels, or valuable thing be demanded, shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months."

This section is relied upon by counsel for appellee as sustaining the indictment, but it does not purport to deal with the offense of conspiracy, which is charged in the indictment. A conspiracy to commit the offense designated in this section would be indictable at common law, as is any conspiracy to do an unlawful act by any means, or to do any act by unlawful means; but the indictment in this case concludes, "contrary to the form of the statute," and requires a statutory enactment to give it force. The Town of Paris v. The People, 27 Ill. 74.

This section 93 of the criminal code was erroneously quoted by the court in an instruction to the jury as applicable to the case.

That the plaintiffs in error, or some of them, may, under the evidence in the case, have been guilty of an indictable offense, did not authorize their conviction under the indictment to which they were required to plead.

" Prosecutions can only be conducted under and in accord with the statutes, which, when of a penal character, are always to be strictly construed." Bunfill v. The People, 154 Ill. 640.

.The court erred in overruling the motion to quash the indictment and in giving instructions embodying law not applicable to the case. The judgment will be reversed.